02-10-189-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00189-CR

 

 


 
 
 James Alva Elston
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant James Alva Elston of burglary of a habitation and
unlawful possession of a firearm by a felon and, upon his pleas of true to two
enhancement paragraphs and three habitual paragraphs, assessed his punishment
at ninety-nine years’ confinement for each count.  The trial court sentenced
him accordingly.  In his sole point, Appellant contends that the trial judge
was biased and should have been recused from trying the case.  Because we hold that
Appellant did not satisfy his burden of proving that the trial judge was so
biased as to deny Appellant due process of law, we affirm the trial court’s
judgment.

          We
review the denial of a recusal motion for an abuse of discretion.[2] 
We may not reverse the regional presiding judge’s ruling on a recusal motion as
long as the ruling is within the zone of reasonable disagreement.[3]
 In
our review, we consider the totality of the evidence admitted at the hearing.[4]
 We presume judicial impartiality.[5]  Further, “mere
violations of the Code of Judicial Conduct alone, do not constitute reversible
error . . . , and . . . [u]nethical conduct . . .
is not necessarily a legal ground for reversal.”[6]  Judicial
bias may serve as a ground for recusal only if it “is
shown to be of such a nature and to such an extent as to deny a defendant due
process of law.”[7]  It is a defendant’s
burden to show at the hearing that the trial judge has such bias.[8]

          In
his April 2010 motion to recuse, Appellant alleged that he believed that
because of his known association with the Aryan Brotherhood, he would not
”receive an impartial, unbiased, and objective trial” with the presiding
district judge and that the presiding district judge’s “impartiality” could “be
reasonably questioned due to the Judge’s personal bias or prejudice concerning
gang-related activities and affiliations.”

          Appellant’s
sole evidence at the April 30, 2010 hearing was a video recording of the trial
judge discussing in a public interview a 2006 aggravated assault with a deadly
weapon, three perpetrators of which were also members of the Aryan
Brotherhood.  The trial judge described the perpetrators as “tough guys”; he
described the Aryan Brotherhood generally as “bad, bad dudes” who “enjoy that
kind of criminal activity, that assaultive, even murderous activity.”  The
trial judge continued, “It’s scary [that this crime] happened right here in our
community . . . .  [We’re] sleeping with the Aryan Brotherhood.”  Even though
his case had been filed in the trial judge’s court more than a year, Appellant
put on no evidence to show that the trial judge had exhibited any bias toward
him, nor did he offer evidence that the trial judge had shown bias toward any
other Aryan Brotherhood members in his court, including those described in the
2006 interview.  The State put on no evidence at the hearing.

          Additionally,
despite Appellant’s argument that the jury pool was tainted, we see no evidence
in the record that the jury knew about the 2006 interview or that it knew the
trial judge’s views of the Aryan Brotherhood.  Further, Appellant does not
contend that the trial court abused its discretion by admitting evidence
concerning the Aryan Brotherhood and his connection to it.

          Applying
the appropriate standard of review, we hold that the regional presiding judge
did not abuse his discretion by denying Appellant’s motion to recuse the trial
judge.  We therefore overrule Appellant’s sole point and affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 24, 2011









[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Civ. P. 18a(f); Wesbrook
v. State, 29 S.W.3d 103, 120–21 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001).





[3]Wesbrook, 29
S.W.3d at 120–21.





[4]Kemp v. State, 846
S.W.2d 289, 306 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 918
(1993).





[5]Wesbrook, 29
S.W.3d at 121.





[6]Id. (quoting Kemp,
846 S.W.2d at 306). 





[7]Id.





[8]Id.